NOT DESIGNATED FOR PUBLICATION

No. 121,460

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW PAUL SLUSSER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed December 23, 2020. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS and POWELL, JJ.


PER CURIAM: A jury sitting in Shawnee County District Court convicted Defendant Matthew Slusser of possession of methamphetamine with the intent to distribute and other offenses. On appeal, Slusser challenges the drug conviction based on a jury instruction and the prosecutor's argument to the jurors regarding an inference of intent that could be drawn from the quantity of methamphetamine he had. We find any claimed error to be, at best, invited or harmless. He also challenges the statute creating presumptions of intent for illegal drug possession—an irrelevant point because the jurors

1

were never informed of the statutory presumption. We, therefore, affirm Slusser's convictions and his resulting sentences.

The material facts may be outlined briefly. In mid-July 2017, two Topeka police officers intercepted Slusser for a possible traffic violation in the vicinity of a street festival. Slusser had his two minor children in the motor vehicle with him. The officers quickly determined Slusser's driver's license was suspended, and they arrested him for that violation. While searching Slusser following his arrest, the officers found 11.2 grams of methamphetamine in his pocket. Slusser had no accouterments commonly associated with drug traffickers, such as digital scales, large amounts of cash, or materials used to package illegal drugs for sale. At the time, Slusser told the officers he had the drugs because he was working as an undercover operative for federal law enforcement authorities. The story didn't check out.

The State charged Slusser with possession of methamphetamine with the intent to distribute, a severity level 2 drug felony; two counts of aggravated endangering a child, a severity level 9 person felony; and driving on a suspended license, a traffic misdemeanor. The jury heard evidence over two days in January 2019 and convicted Slusser as charged. The district court later ordered Slusser to serve 123 months in prison on the drug conviction running consecutive to a six-month term for each child endangerment conviction and concurrent with a 90-day jail sentence on the suspended license conviction, yielding a controlling 135-month period of imprisonment. Slusser has appealed.

Slusser's appeal focuses on the drug charge and related presumptions and inferences drawn from the quantity of methamphetamine he had in his possession. Slusser has not directly disputed his convictions for child endangerment or for driving while suspended.

For his first point, Slusser attacks K.S.A. 2019 Supp. 21-5705(e)(2) creating "a rebuttable presumption" that a person possessing 3.5 grams or more of methamphetamine has "an intent to distribute the drug." He contends the statutory presumption is facially unconstitutional because it diminishes the State's burden in proving a defendant guilty beyond a reasonable doubt of possession with the requisite intent to distribute.

Presumptions favoring the State in criminal cases can be tricky creatures. See *Carella v. California*, 491 U.S. 263, 265, 109 S. Ct. 2419, 105 L. Ed. 2d 218 (1989) (mandatory presumption in jury instruction deprives criminal defendant of due process protections afforded under Fourteenth Amendment to United States Constitution); *Sandstrom v. Montana*, 442 U.S. 510, 523, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). Even a nonconclusive presumption bearing on criminal intent may be constitutionally suspect depending on how it has been presented to a jury. 442 U.S. at 524. Conversely, a jury properly may be instructed on reasonable inferences at least in some circumstances. See *Barnes v. United States*, 412 U.S. 837, 840-41, 93 S. Ct. 2357, 37 L. Ed. 2d 380 (1973) (instruction that jury may infer knowledge from defendant's unexplained possession of recently stolen property constitutionally permissible); *United States v. Harrison*, 585 F.3d 1155, 1159-60 (9th Cir. 2009) (instruction that jury may infer consciousness of guilt from flight constitutionally permissible).

Here, we do not need to address the constitutionality of the presumption in K.S.A. 2019 Supp. 21-5705(e)(2) for the simple reason that the jury was not informed of the presumption and, therefore, could not have considered it in convicting Slusser. Even if the statutory presumption were constitutionally deficient, Slusser would not have been prejudiced in any way as a result. He cannot predicate error, let alone reversible error, on something that didn't happen in his trial.

The district court did instruct the jurors that to convict Slusser they had to find: (1) he possessed methamphetamine with the intent to distribute; (2) he had between 3.5

3

and 100 grams of methamphetamine; and (3) he did so on July 15, 2017, in Shawnee County, Kansas. The instruction also informed the jurors:

"If you find the defendant possessed 3.5 grams or more of methamphetamine, you may infer that the defendant possessed with intent to distribute. You may consider the inference along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden of proving the intent of the defendant. This burden never shifts to the defendant."

The instruction combined PIK Crim. 4th 57.020, listing the elements of the crime, and PIK Crim. 4th 57.022, outlining an inference of intent to distribute based on the quantity of methamphetamine.

On appeal, Slusser faults the instruction because the language outlining the inference differs from the statutory presumption in K.S.A. 2019 Supp. 21-5705(e)(2). The argument fails in two respects. First, the inference in the instruction is more favorable to Slusser than the statutory presumption would have been. Second, Slusser's lawyer submitted proposed jury instructions to the district court that matched PIK Crim. 4th 57.020 and PIK Crim. 4th 57.022 and did not later object when the district court proposed giving an instruction that combined them. Any complaint Slusser now makes about the instruction is invited error that we will not consider. See *State v. Cottrell*, 310 Kan. 150, 162, 445 P.3d 1132 (2019); *State v. Hargrove*, 48 Kan. App. 2d 522, 531, 293 P.3d 787 (2013).

Moreover, any error that might have arisen from the inference in the instruction would have been harmless in this case. Two law enforcement officers testified at trial that based on their training and experience methamphetamine users typically have less than 3.5 grams for personal consumption and larger quantities would be consistent with trafficking or distribution. Slusser did not

rebut that testimony at trial. And, of course, he had considerably more than what the officers testified would indicate possession for commercial purposes.

Slusser also contends the prosecutor committed error in discussing the instruction with the jurors during closing argument and the error deprived him of a fair trial. We are unpersuaded Slusser was denied a fair trial.

Several years ago, the Kansas Supreme Court retooled the analytical model for assessing prosecutorial trial errors, including ostensible misstatements in jury arguments. *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016). In the *Sherman* analysis, the reviewing court first considers whether an error has occurred and then weighs any prejudice to the defendant resulting from the error. Comments made during closing argument are considered error if they fall outside "the wide latitude" afforded a prosecutor in discussing the evidence and the law. 305 Kan. at 109. That determination replicates the initial step of the former analytical method, while substituting the term "error" for "misconduct," a more pejorative label that at least connotes a deliberate violation of the rules even when there might be only an inadvertent mistake. 305 Kan. at 104-05.

If an appellate court finds the challenged argument to be prosecutorial error, it must then consider prejudice measured by the test set out in *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), for a constitutional wrong. The State, as the party benefiting from the error, must demonstrate "'beyond a reasonable doubt'" that the mistake "'did not affect the outcome of the trial'" taking account of the full trial record. 305 Kan. at 109 (quoting *Ward*, 292 Kan. 541, Syl. ¶ 6). That is, the appellate court must determine if the error deprived the defendant of a fair trial—a constitutional protection rooted both in due process and in the right to trial itself. 305 Kan. at 98-99, 109. The prejudice analysis in *Sherman* replaced a multifactor standard that also considered the

prosecutor's bad intent or ill will—breaches of professional conduct the court concluded could be more pointedly addressed in other ways. 305 Kan. at 114-15.

Here, the prosecutor discussed in some detail the elements instruction and the inference of intent based on the quantity of methamphetamine Slusser had in his pocket. We do not recite the remarks at length. The prosecutor noted that Slusser had 11.2 grams of methamphetamine and pointed out that the jurors could infer a person with more than 3.5 grams intended to distribute the drugs. But he also reminded the jurors they didn't have to rely on that inference and could consider all of the evidence. The prosecutor suggested the Kansas Legislature—through the law and the district court's instruction—was "trying to give you guidance on [the] topic" of illegal drug distribution.

The gist of that portion of the closing argument amounted to fair comment on the law and the evidence, especially in light of the jury instruction. Consistent with the invited error rule, Slusser cannot now complain about the prosecutor's fair characterization of a jury instruction he requested from the district court.

One aspect of the prosecutor's closing argument does give us pause. The prosecutor referred to the instruction as a "rebuttable presumption" several times and told the jurors they could "presume" Slusser intended to distribute the methamphetamine based on the amount he had. In a strict legal sense, the prosecutor mischaracterized the instruction, since it outlined a reasonable inference rather than a rebuttable presumption. The law formally draws a distinction between the two. See *Shim v. Rutgers*, 191 N.J. 374, 386, 924 A.2d 465 (2007) (outlining difference between reasonable inference and evidentiary presumption); *Brown v. Vannoster*, No. 120,376, 2019 WL 5485149, at *5 (Kan. App. 2019) (unpublished opinion) ("A discussion of a reasonable inference that may be drawn from a set of the facts is quite different from creating a common-law evidentiary presumption mandating the finding of a presumed fact."). But we doubt lay jurors would impute materially different meanings to presumptions, assumptions, and

6

inferences in the context of the prosecutor's closing argument. We see, at most, subtle shades of meaning among those words in their common usage.

The precise error would have been of little or no moment in the jurors' consideration of the evidence and could not have influenced their verdict on the drug charge. The instruction itself diminishes any possible effect of the erroneous comments. It informs the jurors they could choose to "accept or reject" the inference of intent based on quantity. And the unrebutted testimony of the law enforcement officers describing typical commercial quantities of methamphetamine similarly defuses the error.

Having examined the issues Slusser has raised on appeal, we find no basis to reverse the jury verdicts or the resulting sentences.

Affirmed.